# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-0743V
(not to be published)

|  |  |
|---|---|
| KELSEY METSKER,<br><br>                     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                     Respondent. | Chief Special Master Corcoran<br><br>Filed: October 5, 2021<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*William Patrick Ronan, III, The Ronan Law Firm, Overland Park, KS,* for Petitioner.

*Mollie Danielle Gorney, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On May 17, 2019, Kelsey Metsker filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Shoulder Injury Related to Vaccine Administration as a result of her August 14, 2017 Tdap vaccination. (Petition at 1). On March 17, 2021, a decision was issued awarding compensation to Petitioner based on the parties' stipulation.  (ECF No. 33).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated August 20, 2021 (ECF No. 37), requesting a total award of $22,640.93 (representing $22,100.00 in fees and $540.93 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 38). Respondent reacted to the motion on August 23, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 39). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests compensation for attorney William Ronan at the rate of $500 per hour for all time billed between 2018 – 2021. (ECF No. 37 at 6). Petitioner also requests the paralegal rate of $170 per hour for all time billed. (Id). These rates require adjustment.

First, Mr. Ronan has previously been awarded the lesser rate of $400 per hour for time billed in 2018. *See Backman v. Sec'y of Health & Human Servs.,* No. 17-0458V, 2018 WL 4042226 (Fed. Cl. Spec. Mstr. Apr. 20, 2018). I agree with the reasoning of the previous special master for adopting this rate, and therefore similarly reduce Mr. Ronan's rate for work performed in 2018.

Second, for time billed through 2019 - 2021, Mr. Ronan has in the past been awarded the following rates: $415 per hour for time billed in 2019; $430 per hour for time billed in 2020; and $450 per hour for time billed in 2021. *See Klusman v. Sec'y of Health & Human Servs.,* No. 19-604V, 2021 WL 829509 (Fed. Cl. Sp. Mst. Jan 21, 2021). Application of the reduced rates results in a reduction of fees to be awarded by **$3,685.25**.[3]

Petitioner similarly requests a rate higher than was previously awarded for Mr. Ronan's paralegal. That paralegal received the rate of $100 per hour for time billed in 2018. *Backman,* 2018 WL 4042226. For the years 2019 – 2021, his paralegal was awarded the rate of $125 per hour. *See Klusman,* 2021 WL 829506. I find no reason to deviate from the previously awarded rates. This reduces the request for attorney's fees in the amount of **$391.00**.[4]

I otherwise make no adjustments to the time spent on the matter.

## ATTORNEY COSTS

Petitioner requests $540.93 in overall costs. (ECF No. 37 at 6). This amount is comprised of obtaining medical records, shipping and the Court's filing fee. I have

---

[3] This amount consists of ($500 - $400 = $100 x 8.6 hrs = $860) + ($500 - $415 = $85 x 16.45 hrs = $1,398.25) + ($500 - $430 = $70 x 18.1 hrs = $1,267.00) + ($500 - $450 = $50 x 3.2 hrs = $160) = $3,685.25.

[4] This amount consists of ($170 - $100 = $70 x 2.5 hrs = $175) + ($170 - $125 = $45 x 4.8 hrs = $216) = $391.00.

reviewed all of the requested costs and find them to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$18,564.68** (representing $18,023.75 in fees and $540.93 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.